## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RENATA WALKER, ET AL.** | * | |
| **Plaintiffs** | * | |
| | * | **CIVIL ACTION** |
| | * | |
| **v.** | * | **NO.:** |
| | * | |
| | * | **JUDGE** |
| **DASMEN RESIDENTIAL** | * | |
| **MANAGEMENT, LLC, ET AL.** | * | |
| **Defendants** | * | **JURY DEMAND** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DASMEN RESIDENTIAL MANAGEMENT, LLC AND
### RH CHENAULT CREEK, LLC'S
### NOTICE OF REMOVAL

TO:   William W. Blevins
      Clerk of Court
      United States District Court
      Eastern District of Louisiana
      500 Poydras Street
      Room C151
      New Orleans, LA  70130

Defendants, Dasmen Residential Management, LLC and RH Chenault Creek, LLC (collectively, "Defendants"), respectfully submit this Notice of Removal of the above-styled matter, and as cause therefore show as follows:

## I. BACKGROUND

1.

This class action began on November 18, 2019, when Plaintiff, Renata Walker ("Plaintiff"), filed a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Renata Walker, et al. v. Dasmen Residential Management, LLC, et*

*al.*, bearing civil action no. 2019-12046.[1]

2.

In Plaintiff's Petition for Damages, Plaintiff names Dasmen Residential Management, LLC ("Dasmen"), RH Chenault Creek, LLC ("RH Chenault"), Triangle Real Estate of Gastonia, Inc. ("Triangle Real Estate"), Latter & Blum Property Management, Inc. ("Latter & Blum"), KFK Group, Inc. ("KFK Group"), KFK Development, L.L.C. ("KFK Development"), LYND Property Management, LLC ("LYND"), and Wilshire Insurance Company ("Wilshire") as defendants.[2]

3.

According to the Petition for Damages, Plaintiff is a Named Plaintiff and/or Class Representative of a putative class consisting of more than 100 members.[3]

4.

As discussed more fully in Section III, *infra,* this Notice of Removal has been timely filed under 28 U.S.C. § 1446(b)(1) within 30 days of Defendants' receipt of a copy of the state court pleading "setting forth the claim for relief upon which such action or proceeding is based."[4]

5.

Venue for this removal is proper because the United States District Court for the Eastern District of Louisiana is the district court embracing the Orleans Parish, Louisiana—where the state court action is pending.[5]

---

[1]  *See generally*, Copies of All Process, Pleadings, and Orders Served on Defendants, attached hereto as Exhibit A.
[2]  *See id.* at ¶ 2.
[3]  *See generally id.* at ¶¶ 30-32.
[4]  *See* Section III, *infra.*
[5]  *See* 28 U.S.C. § 1441; 28 U.S.C. § 98(a) ("The Eastern District comprises the parishes of . . . Orleans . . . .").

## II. GROUNDS FOR REMOVAL—CLASS ACTION FAIRNESS ACT

6.

This Court has original subject matter jurisdiction over this mass action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), because (A) there are more than 100 members of the proposed class, (B) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (C) there is diversity of citizenship between one plaintiff class member and one defendant.[6]

### A. Mass Action

7.

CAFA authorizes the removal of "mass actions," defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."[7]

8.

Plaintiff alleges in her Petition for Damages that, "Upon information and belief, there are about 584 units in the apartment complex and the time span of this case covers several years. There is a substantial probability that well over 200 individual suits would have to be filed if class certification is denied by the trial court."[8] Plaintiff further alleges that, "This case satisfies the requirement [*sic*] elements of numerosity . . . and commonality" and that the proposed

---

[6] 28 U.S.C. § 1332(d)(2); *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236 (5th Cir. 2015) (*citing Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 85-86 (5th Cir. 2013)).
[7] 28 U.S.C. § 1332(d)(11)(B)(i).
[8] *See* Ex. A, ¶ 31.

putative class represents members with "common claims against Defendants."[9] Accordingly, Plaintiff's civil action is a mass action under CAFA.

## B. Amount in Controversy

### 9.

For "mass actions," removing defendant must show that at least one plaintiff's claim satisfies the $75,000 individual amount in controversy and that there is an aggregate amount in controversy in excess of $5,000,000, exclusive of interest and costs, relating to all class members, named or unnamed, whom fall under the definition of the proposed or certified class.[10] Removing defendant may adduce summary judgment evidence of the amount in controversy, or show that the amount is "facially apparent" from plaintiffs' pleadings alone.[11] The court must decide by a preponderance of the evidence whether the relevant amount in controversy is met.[12] The removing party's burden is to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands.[13] While the removing party may not rely solely upon conclusory statements, a "plausible allegation" is all that is required absent plaintiff opposition.[14] Once the removing party plausibly explains amount in controversy, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.[15]

### 10.

While Defendants deny all Plaintiffs' claims, it is facially apparent that Plaintiff's Petition for Damages sufficiently establishes both amounts in controversy. First, Plaintiff alleges damages including bodily injury, emotional distress, loss of enjoyment of life, medical expenses,

---

[9] *See* Ex. A, ¶¶ 29-30.
[10] *See, e.g., Robertson v. Exxon Mobil Corp.*, 814 F.3d 236 (5th Cir. 2015).
[11] *E.g., Perritt v. Westlake Vinyls Co., L.P.*, 562 Fed. Appx. 228 (5th Cir. 2014).
[12] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).
[13] *Berniard v. Dow Chemical Co.*, 481 Fed. Appx. 859 (5th Cir. 2010) (*quoting Spivey v. Verture, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).
[14] *Dart Cherokee*, 574 U.S. at 87.
[15] *Berniard*, 481 Fed. Appx. at 862 (*quoting Spivey*, 528 F.3d at 986).

loss of earnings, loss of benefits, and future loss of earning capacity.[16] Specifically, Plaintiff alleges that Defendants' actions, or inactions, have made the 584-unit apartment complex where the putative class members reside, formerly resided, worked, or formerly worked, unlivable, which has led to the presence of and prolonged exposure to claimed hazardous "black mold" in the class members' apartments, the backing up of raw sewerage into the units, inadequate security in the apartment complex, increase in violent crime on the premises, water intrusion issues, and "a plethora of other dangerous conditions which created an unreasonable risk of harm to the residents."[17] Plaintiff alleges that Defendants' conduct constitutes a continuing tort of gross negligence, which creates an inference that the aforementioned dangers remain, and thus, Plaintiff's injuries are ongoing.[18] Plaintiff alleges that she, and her minor children, suffered illnesses related to mold exposure since 2015.[19] Plaintiff continues to live in an apartment unit containing the claimed hazardous "black mold" and backed up raw sewerage, so severe that Plaintiff seeks recovery for the aforementioned damages.[20] Finally, Plaintiff alleges that the unlivable conditions have warranted numerous citations and building code violations from the New Orleans Department of Code Enforcement and Louisiana State Fire Marshall, and failed inspections by the Housing Authority of New Orleans and Louisiana Housing Authority.[21] As such, it is likely that at least one class member must relocate. The totality of the alleged factual allegations and injuries claimed by certain putative class members, if proven, likely establishes the requisite jurisdictional amount of $75,000.00 for at least one plaintiff.

---

[16] *See* Ex. A, ¶ 5.
[17] *See* Ex. A, ¶¶ 11, 22.
[18] *See id.* at ¶¶ 22-24.
[19] *See id.* at ¶¶ 1.
[20] *See id.* at ¶ 1.
[21] *See id.* at ¶ 24.

11.

Second, for the purpose of CAFA jurisdiction and assuming Plaintiff's allegations are true, which is denied, Plaintiff's proposed class description is sufficient to establish a potential aggregate amount in controversy that meets the required $5 million jurisdictional threshold.[22] Plaintiff alleges that well over 200 individual suits would have to be filed if class certification is denied.[23] Indeed, Plaintiff characterizes the class as encompassing all "current and former residents and/or maintenance workers" of the 584-unit complex dating back several years.[24] Theoretically, Plaintiff's proposed class could encompass thousands of members given the total number of apartments and occupancy periods. Thus, even "[a] minimal award compensating each member of such a substantial class for the alleged damages would more likely than not satisfy the jurisdictional"[25] amount of $5 million, exclusive of interest and costs.  Again, Defendants deny Plaintiff's claims, but assert that on its face Plaintiff's Petition for Damages asserts claims that can easily be inferred to reach the amount in controversy requirements.

12.

Defendants have shown by a preponderance of the evidence that it is facially apparent from Plaintiff's Petition for Damages that at least one plaintiff's claim meets the minimum jurisdictional amount and that the aggregate amount in controversy encompassing potentially thousands of individual claims asserted by the proposed class members exceeds the jurisdictional minimum for mass actions.

---

[22] *See Bishop v. May and Young Hotel, LLC*, 2010 WL 11538366 (M.D. La. Sept. 30, 2010).
[23] *See* Ex. A, ¶ 31.
[24] *See* Ex. A, ¶¶ 31-32.
[25] *See May and Young Hotel, LLC*, 2010 WL 11538366, at *3.

## C. Minimal Diversity of Citizenship

### 13.

Under CAFA, there need be only minimal diversity, such that at least one plaintiff and one defendant must be citizens of different states.[26]

### 14.

Plaintiff is a natural person domiciled in Louisiana. For purposes of federal diversity jurisdiction, a natural person is deemed a citizen of the state where he or she is domiciled.[27] In the case at bar, the Petition for Damages states that Plaintiff is "a person of the full age of majority *domiciled in the Parish of Orleans, State of Louisiana*."[28] Thus, Plaintiff is a citizen of the State of Louisiana for purposes of diversity jurisdiction.

### 15.

Dasmen is an LLC. The citizenship of an LLC for diversity purposes is determined by looking to the citizenship of its members.[29]

### 16.

At all times relevant, Dasmen was and is a single member LLC. Its sole member, Michael Katz, is a citizen of the State of New York. Thus, Dasmen is a citizen of the State of New York for purposes of diversity jurisdiction.

### 17.

Therefore, the minimal diversity requirement of 28 U.S.C. § 1332(d) is satisfied in this

---

[26] 28 U.S.C. § 1332(d)(2)(A).

[27] *See Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous").

[28] *See* Ex. A, ¶ 1 (emphasis added).

[29] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("The citizenship of a LLC is determined by the citizenship of its members").

case because at least one Plaintiff class member and one Defendant are citizens of different states.

### III. TIMELINESS OF REMOVAL & FORUM-DEFENDANT RULE

18.

Defendants have timely sought to remove this action under 28 U.S.C. 1446(b)(1) and the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2) does not apply to this removal under CAFA.

### A. This Removal is Timely Under 28 U.S.C. § 1446(b)(1)

19.

The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b). When a case is removable based solely on the allegations set forth in the plaintiff's initial pleading, that statute requires the notice of removal be filed within 30 days following service on the removing defendant.[30] Generally, however, "service of process is not an absolute prerequisite to removal."[31] The Fifth Circuit has found that § 1446(b) "consciously reflect[s] a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served."[32]

20.

On December 4, 2019, Plaintiff effected service of her Petition for Damages on RH Chenault Creek.[33]

21.

As of the date of this Removal, Plaintiff has not effected service of her Petition for

---

[30] 28 U.S.C. § 1446(b)(1); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).
[31] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000).
[32] *Id.*
[33] *See* Ex. A.

Damages on Dasmen.[34]

22.

This Notice of Removal was filed less than 30 days after RH Chenault received service of Plaintiff's Petition for Damages and Dasmen may remove prior to receipt of the Petition for Damages. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

## B. The Forum-Defendant Rule Does Not Apply

23.

The forum-defendant rule is set forth in 28 U.S.C. § 1441(b)(2) and states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." However, "A class action may be removed . . . without regard to whether any defendant is a citizen of the State in which the action is brought."[35]

24.

Because Defendants are removing a class action pursuant to CAFA, the forum-defendant rule does not apply, and therefore, the presence of a Louisiana defendant, such as Latter & Blum,[36] will not bar Defendants' removal of this action.

## IV. CONSENT TO REMOVAL

25.

Generally, when a civil action is removed and there are multiple defendants to the state

---

[34] *See generally* Ex. A.
[35] *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1750 (2019) (*quoting* 28 U.S.C. § 1453(b)).
[36] *See* Ex. A, ¶ 2(D).

action, all properly joined defendants must join the removal petition.[37]

26.

However, "A class action . . . may be removed by any defendant without the consent of all defendants."[38] This language simply amends the rule that "all defendants who have been properly joined and served must join in or consent to the removal of the action."[39]

27.

Here, Defendants need not obtain consent of all defendants to remove this class action.

## V. PROCEDURAL COMPLIANCE & CONCLUSION

28.

Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" Defendants are attached hereto as Exhibit "A."

29.

Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

30.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

---

[37] *See* 28 U.S.C. § 1446; *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422 (5th Cir. 1990).
[38] 28 U.S.C. § 1453(b).
[39] *Home Depot*, 139 S. Ct. at 1750 (*quoting* 28 U.S.C. § 1446(b)(2)(A)).

**WHEREFORE,** Defendants, Dasmen Residential Management, LLC and RH Chenault Creek, LLC, respectfully request that this Court assume full jurisdiction over this matter as provided by law. This Court has jurisdiction over the dispute because there is minimal diversity and a requisite amount in controversy for jurisdiction under the Class Action Fairness Act.

Respectfully submitted,

*/s/ Nicholas S. Bergeron*
ERNEST P. GIEGER, JR. (No. 6154)
Email:        egieger@glllaw.com
MICHAEL E. HILL (No. 25708)
Email:        mhill@glllaw.com
EMILY E. EAGAN (No. 29166)
Email:        eeagan@glllaw.com
TUCKER T. BOHREN (No. 37039)
Email:        tbohren@glllaw.com
NICHOLAS S. BERGERON (No. 37585)
Email:        nbergeron@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139
Telephone:    (504) 561-0400
Facsimile:    (504) 561-1011
ATTORNEYS FOR DASMEN
RESIDENTIAL   MANAGEMENT,   LLC
AND RH CHENAULT CREEK, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleadings has been electronically filed this date and delivered to all counsel of record by Notice of Electronic Filing from the Court, by depositing a copy of same in the United States mail, first class postage prepaid and properly addressed, by hand delivery, via facsimile transmission or via electronic mail from the undersigned counsel, this 13 day of December, 2019.

11

*/s/ Nicholas S. Bergeron*
NICHOLAS S. BERGERON